All rise. This honorable court now stands in session. Please be seated. Case number 13-8025 Mark W. Winters Appellant v. Douglas H. Schulman, et al., Robert H. Walshman, Appellees. The argument not to proceed 15 minutes for appellant, 15 minutes is to be shared by appellees. Mr. Lefkowitz, please proceed for the appellant. Your Honor, please. Steve Lefkowitz of the National Tennessee Law. Good afternoon, Your Honors. I'd like to reserve five minutes in rebuttal, Your Honor. Your Honor, when I noticed in the original setting that this matter was set in Ann Arbor, I wanted to say for the record, one of my many bar admissions is before the Eastern District of Michigan. I never thought I'd be using it again, but I'm here. Your Honor, when I filed this brief and when Judge Harrison, there is virtually no factual dispute. This matter went off on summary judgment. It's a determination under 523A1 of whether or not the taxes are dischargeable. Let me interrupt you for a minute because maybe I can save you some time. The concern I think that the panel has here is what is really at issue here. Obviously, the non-dischargeability in 523A1 is at issue. I think it's a property of the estate at issue. Is it really at issue? Yes, Your Honor, and let me see if I can summarize that very simply. We've got $86,000 that was sent back, sent to the debtor by mistake, that the debtor then sent back to the United States. The IRS sent an erroneous ink refund. We're aware of that. Then that was sent back to the IRS. In the meantime, the trustee was able to collect the difference between a $32,000 refund and the $86,000. From the debtor, yes, Your Honor. Okay, so the trustee has those funds on hand now. How does it benefit the debtor to now tell the IRS that, hey, you need to turn over the difference to the trustee? It doesn't. That issue has been rendered moot. The issue before the court at this time is very simple. We have a situation where how does the trustee disperse the funds that he has on hand? Under 507A8, is the claim of the IRS entitled to priority or is it not? If it's entitled to priority, it's not dischargeable. If it's not entitled to priority, it is dischargeable. Isn't there other tax debt here, though, potentially out there, like 2007, maybe 2008 taxes? That is correct, Your Honor. Is that still an issue in the tax court? Yes, Your Honor. That has not been determined yet. We're only talking about the 2004 taxes, which are the basis of this appeal. Does the trustee have any other funds on hand other than this $86,000 or whatever that he's got? No, Your Honor. That's all the money the trustee has. So the question that comes down to it is the IRS has asserted a claim based on their brief, and I'll call pages 14 and 15 of the brief, that the debtor owes the service $1,080,000. The reported amount on the returns was $592,000 and some change. If the court would look at 26 USC 6501, that establishes the procedure, whether or not it's dischargeable or not. There's a three-year statute of limitation. The return was filed in 2005. The notice of deficiency was put down in 2009. This bankruptcy was then filed over the three years, but within the six years. There are various provisions. Under subsection C of 26 USC 6501, there are a whole litany of exceptions, fraudulent returns and the like, that there is no statute. If you go to subsection E, if you understate your income by 25%, then there's a doubling of that statute. So that would mean that the debtor's income for this amount to be $792,000 for that particular year. If his income is below $792,000, the debt is dischargeable, and this part of the IRS's claim is not entitled to priority under 507-AA subsection Roman numerals. So you're arguing that there's a chance that the debtor could possibly get some surplus funds? The debtor will not receive anything. It's just the debtor's not going to receive anything except for the fact that whether or not this the IRS has put down a notice of determination that for 2004, this debtor owes the United States $1,080,000. That's currently on dispute before the United States tax court. If the debtor's gross income for 2004 was less than $792,000 and some change, then that doesn't matter. That tax year's debt is discharged by entry of his discharge into Chapter 7. If his tax debt is more than $792,000 for that particular calendar year, then it's not dischargeable, and the six-year statute of limitations would apply. So the factual issue that Judge Harrison did not consider in her summary judgment was whether or not the debtor's income was plus or minus the $792,000 for calendar year 2004. That's the issue that she did not address. Her opinion correctly stated, as I've re-read it again, that those particular sections of 507A8 are written in the disjunctive. I agree with that. I agree with the case law that has been espoused by all parties there. Do you agree that it's up to the tax court to make that determination? Your Honor, that decision can be made one of two ways. It can either be made by the tax court or it can be made by the bankruptcy court. The bankruptcy court has in its power Section 505, Subsection A. I just looked because I was curious. There have only been 1,260 reported decisions interpreting 505A since the enactment of the Bankruptcy Reform Act in 1978, which went effective November 1, 1979. That's less than 35 cases a year for the last 34 years. I mean, the court has the power to make that determination. Now, here's what's going to happen. If this goes back to the tax court on the sole issue of whether or not the gross income was plus or minus the $792,000 and the debtor tries this in tax court, Mr. Walsh gets a second bite of the apple to challenge it in bankruptcy court, being the trustee for the priority. So it makes logical sense that the proper forum to litigate this is in front of Judge Harrison, who will make a determination whether or not the tax is north of that amount or south of that amount. If it's north of that amount, it's entitled to priority. If it's south of that amount, then the debt is not entitled to priority and it will be lumped in with all the general unsecured creditors as part of this bankruptcy estate. I think that's the sole issue that this court needs to decide. The government has said in their brief, well, it's agreed by the parties that it's $1,080,000. I've read those stipulations. Mr. Walsh and I drew up those stipulations. We ran it by Mr. Strelka. We all agreed to those stipulations. We never said that. We never assumed it. That number was never in the stipulations presented to the court. And that still remains an issue of fact that the bankruptcy court needs to decide. And for that reason, this court needs to send this back down to Judge Harrison with instructions to make the determination of whether or not this is plus or minus $792,000. It's a very simple issue. If it is more than $792,000, the government's claim is non-dischargeable and entitled to priority. If the gross income is below that amount, which is the 25% rule, then it is not entitled to priority. That part of the IRS debt is discharged as this particular debtor, and that part of the claim falls into the general unsecured category. Is there any issue as to whether the understatement was the result of an overestimation of the basis of the Supreme Court's decision last year? No, Your Honor. It's not. We're strictly dealing with raw numbers at this particular time. So that makes the issue very, very simple for the court to decide. It's either above the line or below the line, which is a test that the bankruptcy judge can determine. Judge Harrison ruled that there was a tolling of the three-year statute. Well, that was wrong because the three-year statute under 26 U.S.C. 6501 had already expired. So for that reason, while her opinion was right, it was flawed because the three-year statute had already run. And for that reason, this case needs to be reviewed. Well, what about the IRS's argument also? Tax court rules that subsections are allowed. A subsection that they say, regardless of the three years of this debt, regardless of action prior to subsections, this subsection stands on its own. It doesn't stand on its own because that statute is but accessible under applicable law. The applicable law would be 6501. Thank you, Your Honor. Good afternoon. It pleases the court. My name is Andrew Strelka. I'm representing the United States today. I'll be doing nine minutes observing the remainder of my time for the trustee, Mr. Waltzman. There are three issues before the panel today, one involving the priority of the tax claim, the second involving the statute of limitations, and the third involving the erroneous refund check. I prepared to do it in that order, but I will start with the statute of limitations issue in response to Debtor's Counsel, Mr. Lefkowitz. The statute of limitations issue, essentially, is 2004 still open? Does IRS still have enough time to assess for 2004? And there are two reasons why the government wins. The first, this panel should refrain from actually ruling on that because it was never raised. This started in the tax court. Under the tax court, it is an affirmative defense to raise the statute of limitations on assessment. It is not jurisdictional. And the case on that is Genesis Oil and Gas v. Commissioner. It's a 1989 tax court case. The debtor's slash taxpayer's petition for tax court is part of the evidence in this case. It's Exhibit 6. It's part of the record before the panel. Nowhere within that petition is a statute of limitations on assessment issue ever raised. The tax court matter is state, isn't it? The tax court matter is still state. It is still pending. And there's been no one's asking to leave the state? Not yet. When this was before Judge Harrison, below in the bankruptcy court, again, this issue was never raised. But the United States, along with the other parties, put together a joint list of issues. This is part of the pretrial procedures. On that list of issues that we have yet to get to, we're still at the top here because we certified this for appeal, at the bottom is should the state be lifted to allow the tax court cases to resume? And as soon as this appeal concludes, the United States will be moving to lift the state to allow the tax court cases to resume. Section 505, as their counsel was describing, is a discretionary jurisdiction, as I'm sure the panel is aware of. And the United States will be arguing that the bankruptcy court should refrain from asserting its discretionary jurisdiction and allow the tax court case, which has been pending for some time, to resume. Okay, good questions, then. Mr. Stroup, you're relaying that. One, would the debtor be barred at this time from raising a statute of limitations issue before the tax court? Once the state is lifted. Once the state is lifted. And two, if the debtor, I assume the debtor is contesting the amount of taxes due, and so let's say the debtor gets a determination that he owes $750,000 in the tax court. Is that the same as asserting the statute of limitations in this case? I see your point. I'll answer the first part is the tax court is clear under the law that this defense must be raised affirmatively by the taxpayer initially, or else it is waived. So you cannot simply bring it up later. However, if we're talking about the actual liabilities, there is a backdoor to getting there, and there is a tax court case that went there. This is Fox v. Commissioner. It's a 1968 tax court case where it had not previously been raised, but throughout the course of the tax court trial, they were able to determine the liabilities was much lower because the gross income omission was much lower. It fell below the 25% around. So at the end, the tax court was left with nothing to say. The assessment can't be made because the statute of limitations has not been reached. Here we have a 182% increase in gross omissions, omission of gross income. But is it the 182% as stated in the notice of deficiency, or is it the determination by the tax court or the bankruptcy court? That's an administrative determination by the IRS. That has not yet been a final judgment by the tax court.  It's the final judgment of the tax court or the bankruptcy court that controls whether it's over the 25%. Am I right? It would be, yes, whoever is the final finder of fact in regards to the tax liability, if there's going to be a change. This is still the taxpayer's slash debtor's burden to prove that the government is incorrect. However, if there is a change, that could affect the statute of limitations. However, the Sixth Circuit has held that a statute of limitations is a matter of law. It's an issue of law, and the case on that is Daimler Chrysler Corp. v. Durden. That's a 2006 Sixth Circuit case. So even if the panel here today were to say that this has not been waived, the statute of limitations issue, which, let me reiterate, was not brought up in the complaint by the debtor in the adversary proceeding, was not mentioned in the answer by the trustee, his cross-claim, his counterclaim. It was not brought up in the summer judgment briefing. The first time it was brought up was before this panel. If the panel is to say that that has not been waived for some reason, the panel is free to make a determination of law that, based upon the gross admissions as determined by the IRS, that the statute of limitations has been increased from three years to six years. Are there any other questions the panel might have on the other two issues regarding the tax rule rule, also known as the assessment rule, or on the erroneous check? Well, you're not arguing that the statute of limitations, once it's expired, is revived as a result of the filing of the notice of proficiency that was requested for the determination by the debtor? I'm not arguing that. I have to—my light's on. I have to get the balance. May I balance my time with the gentleman from Nashville? Thank you very much. May it please the Court, Robert Walsh. I'm representing myself as trustee from Nashville. Mr. Lefkowitz is elected to take the same position as me, primarily, for different reasons. He's asserting that the debt is dischargeable. I'm asserting that it's not a priority claim. So, basically, since 523 is connected to 507, it's fairly much the same argument. I want to go back and start with the way this case began, because you raised some issues about what we're deciding here today. And I want to give a brief overview of what happened. The debtor received an $86,000 check. I found out about it, asked for a turnover. Didn't get any response. I filed a motion for turnover. At the hearing on the motion for the turnover for the first time, I found out that the debtor had returned it to the IRS. I then, of course, threatened the debtor with a 727 action, objecting to his discharge and everything else. That matter was continued several times. Mr. Lefkowitz finally and I entered into an agreed order. At that time, the IRS had, for some reason, sent the debtor a $32,000 tax refund check. But he did turn over to me. I got that and said, okay, you now owe me the difference at least, because I don't know where the $32,000 probably had something to do with it. It was not probably property of the estate. But yet he gave it to me. Since then, he started paying me $1,000 a month and ended up getting a lump sum from a family member or something and paid me the entire amount. Now I'm holding $86,000. I have no arguments with the debtor anymore. By this time, he had already filed his adversary proceeding to recover the $86,000 so that I wouldn't go after his client. Then I had to file a cross-action against the IRS, raising the priority issue because it was there. And he was raising it as a non-dischargeability action. And to get the whole thing put together, I figured it was appropriate to have the 507A8 issue argued at the same time. We went into court, and I think Mr. Lefkowitz was basically pursuing Section 507A8-1, arguing that it was not priority because it was outside of the three years. Nobody was looking at the Internal Revenue Code. I hate to say it, but nobody was really focusing on it. Judge Harrison, when she wrote the opinion, she was saying, okay, these three subsections under 507A8A, I believe, are not tied together. They're disjunctive. And we all, looking at the opinion, agree with that. But I think she was focusing that was the decision to be made. She got to the point where the Subsection 3, which deals with what we're dealing with today, was whether it was accessible under applicable non-bankruptcy law. And she basically, I think, just presumed, okay, we're here. The IRS says it's accessible, so they win. Well, when it got to the appellate stage, and I took a look at this, and maybe, I don't know if I'm the first person to look at the Internal Revenue Code in this entire bankruptcy matter. But it's funny that when I wrote my brief, I actually wrote it taking the position that this was an issue to be decided under that Internal Revenue Code provision. I filed it a week or two before the IRS filed their brief because I wanted them to respond to my argument. It's funny that in their brief on page 15, the only way they respond to this was saying the increase of 182% is an undisputed fact that is part of the record. It's not an undisputed fact. The debtors have obviously contested this. And even if the debtors are foreclosed, I'm not foreclosed to assert that the statute of limitations is run under Section 507A3. So regardless of whether the government's argument is correct that the debtor can't raise it now, I certainly can under Section 507A8 as a determination of whether it's a priority claim or not. So here we are. And because I'm not arguing the issue of whether I'm entitled to get $86,000 back from the government because I've already got my $86,000. All I'm trying to figure out is whether – is how it's to be – The debtor seems to be arguing that. So how do you address that? The debtor seems to be saying you need to go ahead and pay the trustee an additional $53,000 or that that shouldn't happen. I have not raised – I did not assert that in my brief. And I've looked at the court's decision on it, and I elected not to file my own appeal in this matter or cross-appeal in it. The debtor could raise that argument. Obviously, if the government wants to pay me an extra $53,000, I'd be glad to have it. I guess he was trying to really tie that issue in to the priority issue, too, in some way. But really with him, it was all about a claim. It started out with him to try to protect himself from me because, no, he was afraid of my objection to discharge, which it was preserved as part of the agreed order that I could file it way down the road. And he wanted to get the money back in my hands any way he could so that I didn't pursue his client on an objection to discharge, which he finally accomplished. So he now has satisfied that problem, and so now the issue has been reduced to non-dischargeability and priority, which I think is the only issue that's really before this court. I don't think we're arguing about the return. Unless Mr. Lefkowitz on in his rebuttal wants to argue that some more, I'm not arguing that issue. Do you think this should go back to actual? Well, that's a good question, Your Honor. That would be a matter for – it would probably be raised in the bankruptcy court. The government would probably file a motion to abstain under 305. Then Judge Harrison would have to decide whether she wants to rule on it or whether she wants to send it to the tax court. The problem with the tax court is I'm not a party to those proceedings. And if it goes back to the tax court, the debtor and the government fight it out. I look at the opinion and decide whether I like it or not. And I re-argue the case from scratch in the bankruptcy court on a priority claim. I'm not collaterally estopped. There's no judicial estoppel. There's no race judicata against me. I can raise the issue from scratch after they go to tax court. It's a waste of judicial economy to have it resolved in two places. So I would argue in front of Judge Harrison that it ought to all be decided in one place rather than have it bifurcated in two different places. But that's up to Judge Harrison, and that would be on a motion to abstain under 305. I guess I'm trying to understand what would be the approach if it was sent back to the tax court, and, for instance, they said, no, the six-year exception doesn't apply. Three years is past. There's no point. Correct. Okay. Either this is due back or what? Either that or it falls under the six years. And then once that's decided, where's your dog now? Where's your priority? At that point, if I wanted to contest the amount of the claim and contest that again, I probably might have another bite at the apple. I don't think I'm necessarily precluded because it's already in a bankruptcy proceeding. It's not a pre-bankruptcy determination unless someone wanted to make me a party to the tax court, which, again, I would argue against that. But I've been made parties to other courts around the country before, so I guess that could happen. It's a matter of judicial economy. It has to be decided. I think it should be decided in one court and with all parties present, and the bankruptcy court would be the most logical court to do that under the circumstances since the funds that are at stake are being held by me in the bankruptcy court. But, again, that's a matter for Judge Harrison. I think the matter has to go back, and I think it goes back starting with Judge Harrison, and she can decide whether to then shift it to the tax court or keep it herself based on that argument I just made. Just to be clear, as trustee, you're not pursuing any more money from either the debt or IRS's property at this time? Not at this time, no. What's your position with respect to property in the state still? Yes, it's not. You're just saying you're not concerned about the issue anymore because you've got the money. I've been satisfied from whatever source available, so I'm not going to make a big issue. I'd get some argument back that I'm trying to get more than I'm entitled to. Thank you, Your Honor. Thank you, Your Honor. I'm going to be very brief. It's really nice to have Mr. Walshman batting clean up for me. He's expressed my position very well. I agree with what Mr. Walshman has just said. We need to get this thing back. This is a plus or minus situation. We're not asking for additional monies from the government to be paid to Mr. Walshman. I think that matter got itself resolved when we were able to save the discharge, which was my primary concern for starting this process. I would say two things since we are here at the University of Michigan Law School, and since this is a learning exercise for me standing up here in moot court that counts, that first of all, and since the students are watching this, I would convey two messages. One is that these two gentlemen on the other side of the case have been an absolute pleasure to work with, and we've maintained an extremely collegiate atmosphere throughout this entire litigation. This has been, even though contested and argued, one of the most pleasurable cases I've ever worked with with two other attorneys. And I hope that the students who watch that learn that that's how you should practice law with your fellows. The second issue, I would say, was something someone said to me in law school nearly 40 years ago, and that was that, and it's something that stuck with me when I was in my first moot court lesson, was that if you feel a case is strong enough to appeal it, you shouldn't always argue it and never let it be submitted on briefs, because if the court has questions, this is their opportunity to ask and clarify. Thank you, Your Honors, for your time, and thank you for coming down here today. Thank you, Mr. Harkness. And thank you for the statement about stability, too. I think the law students here do need to hear that. All rise. Thank you. Thank you. I'll now hand the reception. Thank you. Thank you. After you said that, now we can't punch each other. Now we're going to punch each other. Why? I like doing those. I like doing those. Really, I mean, you have to be government, basically. You have to be government. Well, the thing is, if you lose, I get the benefit of saying a lot of them, right? You know what I mean? You know, it's just as important. Well, it's, you know, it has been, I'm actually, this is my first appearance as a judge. And I'm going to miss it so much. I know. I'm sorry. All of us. I'm hoping there's one other faster appearance for you in the Southeast Wallace case. I'm going to see you again. I'm sorry you weren't on the panel. I still love you. Thank you. This was fun. This, you know, this is not what you thought it was going to be about. Yeah, well, I'm delighted that you guys came here. I mean, it was just, it was Judge Hirons' idea. Judge Hirons actually went to law school here. And he went, this is his last run.